UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

JENNIFER GOOLDY,

    Plaintiff,

    v.

LAKE COUNTY INDIANA JUVENILE
COURTS, ATTORNEY JILL SWOPE,
ATTORNEY KARYN PRICE, and
ATTORNEY COURTNEY SMITH,

    Defendants.

CAUSE NO.: 2:23-CV-385-TLS-APR

**OPINION AND ORDER**

Jennifer Gooldy, a plaintiff proceeding pro se, filed a Complaint [ECF No. 1] against Defendants Lake County Indiana Juvenile Courts, Attorney Jill Swope, Attorney Karyn Price, and Attorney Courtney Smith. The Plaintiff also filed a Motion to Proceed in Forma Pauperis [ECF No. 2]. For the reasons set forth below, the Plaintiff's Motion is DENIED. The Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and she is GRANTED time to amend her Complaint, accompanied either by the statutory filing fee or another Motion to Proceed In Forma Pauperis. If the Plaintiff fails to amend her Complaint within the time allowed, the Clerk of Court will be directed to close this case without further notice to the Plaintiff.

**DISCUSSION**

Ordinarily, a plaintiff must pay a statutory filing fee to bring an action in federal court. 28 U.S.C. § 1914(a). However, the federal in forma pauperis statute, 28 U.S.C. § 1915, provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. *See Neitzke v. Williams*, 490 U.S. 319, 324

(1989) ("The federal *in forma pauperis* statute, enacted in 1892 and presently codified as 28 U.S.C. § 1915, is designed to ensure that indigent litigants have meaningful access to the federal courts."). An indigent party may commence an action in federal court, without prepayment of costs and fees, upon submission of an affidavit asserting an inability "to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Here, the Plaintiff's motion establishes that she is unable to prepay the filing fee.

However, the Court must also consider whether the action is frivolous or malicious, fails to state a claim for which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *Id.* § 1915(e)(2)(B). District courts have the power under § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants and must dismiss the complaint if it fails to state a claim, applying the standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999); *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018, 1027 (7th Cir. 2013). To state a claim under the federal notice pleading standard, a complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In reviewing the complaint, a court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the non-moving party. *Tobey v. Chibucos*, 890 F.3d 634, 645 (7th Cir. 2018).

The Plaintiff alleges that the Lake County Indiana Juvenile Courts improperly removed her parental rights over her daughter. She further alleges that Attorney Jill Swope, the parenting time coordinator, did not enforce a parenting time order. And, she alleges that Attorney Karyn

2

Price, a guardian ad litem, "falsely accused" the Plaintiff, which resulted in the Plaintiff "being diagnosed by the Guardian Ad Litem, Parenting Coordinator, and Attorney Courtney Smith as being mentally ill." The Plaintiff asks for "custody returned" and financial damages for her and her daughter.

It appears that the Plaintiff is bringing claims against the Lake County Indiana Juvenile Court and Attorney Jill Swope under 42 U.S.C. § 1983 for violations of her constitutional rights. "In order to state a claim under § 1983 a plaintiff must allege: (1) that defendants deprived [her] of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). However, under the *Rooker-Feldman* doctrine, this Court does not have jurisdiction to review or reverse orders, such as custody and parenting time orders, issued in a state court case. *See Bauer v. Koester*, 951 F.3d 863, 866 (7th Cir. 2020) (explaining that a lawsuit is barred by the *Rooker-Feldman* doctrine when "any finding in favor of the [plaintiff] would require [the federal court] to contradict the state court's orders"); *Lewis v. Anderson*, 308 F.3d 768, 772 (7th Cir. 2002) (observing that, under the *Rooker-Feldman* doctrine "lower federal courts do not have jurisdiction to conduct direct review of state court decisions"). In essence, the *Rooker-Feldman* doctrine "prevents a state-court loser from bringing suit in federal court in order effectively to set aside the state-court judgment." *Gilbert v. Ill. St. Bd. of Educ.*, 591 F.3d 896, 900 (7th Cir. 2010). Moreover, "a plaintiff may not seek a reversal of a state court judgment simply by casting [her] complaint in the form of a civil rights action." *Ritter v. Ross*, 992 F.2d 750, 754 (7th Cir. 1993) (quoting *Hagerty v. Succession of Clement*, 749 F.2d 217, 220 (5th Cir. 1984)). Because the Plaintiff appears to be seeking relief from the state court's orders, the *Rooker-Feldman* doctrine is a jurisdictional bar to those claims. This Court has no authority to review, reverse, or dismiss the orders of the state court. Although

3

a federal court is free to entertain claims that are independent of any state court proceedings, *Gilbert*, 591 F.3d at 900, the Court cannot discern any such independent claims against the Lake County Indiana Juvenile Courts from the Plaintiff's Complaint—at least not any that give fair notice of what the claim is and the grounds upon which it rests. Accordingly, the Court dismisses without prejudice the claims against Lake County Indiana Juvenile Courts for lack of subject matter jurisdiction.

Even assuming that the Plaintiff has raised some claim against the Lake County Indiana Juvenile Courts that survives the *Rooker-Feldman* bar, federal subject matter jurisdiction is limited by the "domestic relations" exception, which prevents federal courts from issuing orders involving divorce, decrees of alimony, and child custody orders. *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992); *Syph v. Arce*, 772 F. App'x 356, 357 (7th Cir. 2019) (finding that the suit challenging the plaintiff's child-support obligations "falls squarely within the domestic-relations exception"); *Jones v. Brennan*, 465 F.3d 304, 306 (7th Cir. 2006) ("[T]he domestic-relations exception . . . denies federal jurisdiction to grant a divorce or exercise the other characteristic powers of a domestic-relations court.").

Next, the Plaintiff fails to state a claim for a federal constitutional violation under § 1983 against Attorney Jill Swope based on her alleged failure, as parenting time coordinator, to enforce a parenting time order. The Seventh Circuit Court of Appeals has recently reiterated that non-enforcement of a state visitation order by state actors does not violate the Constitution. *Bowes-Northern v. Miller*, No. 21-3319, 2022 WL 16849058, at *1 (7th Cir. Nov. 10, 2022) (citing *Castle Rock v. Gonzales*, 545 U.S. 748 (2005) (holding that the Due Process Clause of the Fourteenth Amendment does not require state officials to enforce orders entered by state courts)). Thus, the Court dismisses without prejudice the claims against Attorney Jill Swope for failure to

4

state a claim.

As for the claims against Attorney Karyn Price and Attorney Courtney Smith, the Court can discern no factual basis for a federal constitutional claim against either. Rather, the Complaint alleges that Attorney Karyn Price, as guardian ad litem, "falsely accused" the Plaintiff, which resulted in the Plaintiff "being diagnosed by the Guardian Ad Litem, Parenting Coordinator, and Attorney Courtney Smith as being mentally ill." This appears to be a state law defamation claim. Because the Court has dismissed the Plaintiff's federal claims, the Court now declines to exercise its supplemental jurisdiction over the state law claims and dismisses those claims as well. *See* 28 U.S.C. § 1367(c)(3).

In the alternative, the Court would dismiss the state law claims against Attorney Karyn Price and Attorney Courtney Smith for failure to state a claim. A claim of defamation requires an allegation setting out the alleged defamatory statement so that the court can determine if the statement is legally defamatory and so the defendant may prepare an appropriate defense. *Brown v. Salvation Army*, 60 F. Supp. 3d 971, 981 (N.D. Ind. 2014). Here, the Complaint does not allege the allegedly false accusatory statement by Attorney Karyn Price. The Plaintiff also does not allege any facts to state a claim against Courtney Smith, who appears only to have allegedly acted in some way based on information she received. These state law claims are too vague to state a claim. The Plaintiff will be given an opportunity to file an amended complaint to cure these deficiencies if she is able.

However, should the Plaintiff amend her complaint to bring these state claw claims, she must also demonstrate that the Court has original subject matter jurisdiction over the claims premised on diversity jurisdiction under 28 U.S.C. § 1332. Diversity jurisdiction exists when the parties to an action on each side are citizens of different states, with no defendant a citizen of the

5

same state as any plaintiff, and the amount in controversy exceeds $75,000. *See id.* § 1332(a)(1). It is not clear from the allegations of the Complaint that the Plaintiff and the Defendants are of diverse citizenship or that the amount in controversy exceeds $75,000.

Thus, the Plaintiff's request to proceed without prepayment of fees is denied, and the Complaint is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court grants the Plaintiff until December 19, 2023, to file an amended complaint. *See Luevano*, 722 F.3d at 1022 (stating that a litigant proceeding under the in forma pauperis statute has the same right to amend a complaint as fee-paying plaintiffs have). Any amended complaint must cure the deficiencies identified in this Opinion. Along with an amended complaint, the Plaintiff must also file a new Motion to Proceed In Forma Pauperis. If the Plaintiff does not file an amended complaint by December 19, 2023, the Court will direct the Clerk of Court to close this case. If the Plaintiff does not file an amended complaint and the case is closed, the Plaintiff is permitted to pursue her claims in state court because the Court has declined to exercise jurisdiction over the state law claims under 28 U.S.C. § 1367(c)(3). *See Doe-2 v. McLean Cnty. Unit Dist. No. 5 Bd. of Dirs.*, 593 F.3d 507, 513 (7th Cir. 2010) (explaining that when a district court dismisses the federal claim conferring original jurisdiction before trial, the court may relinquish supplemental jurisdiction over any state law claims under § 1367(c)(3)).

## CONCLUSION

For the foregoing reasons, the Court hereby DENIES the Plaintiff's Motion to Proceed In Forma Pauperis [ECF No. 2] and DISMISSES the Complaint WITHOUT PREJUDICE. The Plaintiff is GRANTED until December 19, 2023, to file an amended complaint, accompanied by a new Motion to Proceed In Forma Pauperis *or* the filing fee. If the Plaintiff does not file an amended complaint by December 19, 2023, the Court will direct the Clerk of Court to close this

case without further notice to the Plaintiff and the Court will relinquish jurisdiction over any state law claims.

SO ORDERED on November 20, 2023.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT